SCHOTT, Chief Judge.
On the application of the parents of M.A.R. we grant certiorari in order to consider the validity of a judgment of the Orleans Parish Juvenile Court overruling relators’ exception to the jurisdiction of the court. The principal issue is whether the trial court erred by failing to determine that Louisiana is an inconvenient forum pursuant to LSA-R.S. 13:1706 in the situation where the child has been residing with her father in Florida where she has been under treatment and her only connection with Louisiana is her apprehension here as a runaway child.
On August 2, 1993, the Juvenile Court issued an instanter order placing the child in the temporary custody of the State of Louisiana through the Department of Health and Human Resources based upon an affidavit by an employee of the Office of Community Services (OCS). The affidavit disclosed that the child whose date of birth was September 1, 1978, was a runaway from Florida where she was in the temporary custody of her father, having been placed there by her mother in California so that the child could obtain treatment. She was picked up by the New Orleans police on August 1 and placed in a shelter where she was examined and diagnosed with personality disorders and as a manic-depressive without medication. According to the child’s parents, the child has been suicidal and has been hospitalized in Florida three or four times over the three months before she ran away. Following a probable cause hearing, the court on August 4 ordered continued custody of the child with OCS and ordered OCS to arrange for the child to be psyehiatrically evaluated so as to provide her with proper medication.
On September 21 the State filed a petition for an adjudication of the child as neglected and in need of care. The petition alleged that the child’s mother had raised her since she was two years of age, but that she could no longer care for her and sent her to live with the father in Florida. The petition further alleged that the child stated that she has violent mood swings and her father would physically restrain her; that he once tried to strangle her and another time he hit her causing her to fall against a car; and that if she is forced to live with her father she will continue to run away. On December 10 the court held a review hearing at which it denied relators’ exception to the court’s jurisdiction and set the case for trial on January 31, 1994. On January 25 relators filed an application for supervisory writs in this court and on January 28 this court issued an order staying proceedings in the trial court and ordering briefs by respondents. The state through the district attorney and the child through a court appointed attorney have filed briefs.
Relators contend that the juvenile court in New Orleans is without jurisdiction over this child who is a runaway from Florida, whose mother with legal custody of the child resides in California; whose father with physical custody resides in Florida; where neither of the parents nor the child has any connection to the State of Louisiana; and where the allegations of the petition are of facts which occurred in Florida. In the alternative relators assert that Florida is the more convenient forum to hear the case.
This case is governed by the Uniform Child Custody Jurisdiction Law, R.S. 13:1700 et seq. Section 1702 provides in pertinent part as follows:
A. A court of this state which is competent to decide child custody matters, has jurisdiction to make a child custody determination by . initial or modification decree if: ....
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to *816 protect the child because he has been subjected to or
threatened with mistreatment or abuse or is otherwise neglected or dependent; or....
This is a sixteen year old with a history of illness requiring immediate psychiatric evaluation in order to provide her with medication which is necessary to control her illness. Clearly the jurisdiction of the court was necessary to protect the child in this emergency. Consequently, the trial court correctly overruled relators’ exception to its jurisdiction.
On the other hand, relators’ second argument that a Louisiana court is an inconvenient forum has merit. § 1706 of the Uniform Child Custody Jurisdiction Law provides that a court having initial jurisdiction over a child may decline to exercise its jurisdiction before making a decree if it finds that it is an inconvenient forum and a court in another state is a more appropriate forum. § 1706 provides as follows:
C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(1) If another state is or recently was the child’s home state.
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
(3) If substantial evidence concerning the child’s present or future care, protection, training, and personal relationships is more readily available in another state.
Because these factors so clearly demonstrate that Louisiana is an inconvenient forum and Florida is a more appropriate forum the trial court should follow the procedure set out in § 1706 as follows:
D. Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
E.If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.
The foregoing affords full protection to the child by retaining custody while staying the proceedings until a determination is made by the Florida authorities to commence custody proceedings in that state. If they do so, the best interest of the child will be served because of the convenience of that forum in every respect and the State of Louisiana will be relieved of a burden which belongs to Florida.
Accordingly, the judgment of the trial court overruling relators’ exception to the jurisdiction of the Juvenile Court of the Parish of Orleans is affirmed; the stay of the proceedings in the trial court previously issued by this court is continued as a stay in accordance with R.S. 13:1706(E); and the case is remanded to the trial court for further proceedings in accordance with § 1706(D) and (E).

AFFIRMED AND REMANDED WITH INSTRUCTIONS.